Ms. Chen, do you wish to reserve any time? Yes, Your Honor, two minutes. Two minutes? Okay. Please proceed. May it please the Court, Davina Chen for R.M. Barsumyan. I raised three issues for Mr. Barsumyan in his brief. Today I'd like to focus on the second issue, which is, does he possess any computer or computer-related device in any manner for any purpose unless approved in advance by the probation office? This week, in addition to using my office computer for basically everything I do as an attorney, I used my home computer to contact the Department of Sanitation to pick up bulky items from my front curb. I downloaded and called my grandparents, and I checked what bus I needed to take downtown when my car broke down. In addition, I used other computers. I used my laptop computer. I used a computer at the public library to check out a video on American Sign Language. I almost used the computer here in the courthouse, but I ran out of time. The supervised release condition What did you need to find? I just wanted to check one thing, Your Honor, in terms of, I didn't think this would come up, but I always forget in Gall and Kimbrough which one was the crack case and which was the ecstasy case. I see. I see. And I just wanted to make sure I had it right. But I ran out of time. So in any case, the supervised release condition in this case would prohibit all of these uses and many more uses because it prohibits not just use of computers, but also computer-related devices unless the probation officer grants advance approval. Counsel, what do you think the import of United States v. Sales is to your case? I think United States v. Sales shows that clearly there was error and the error was plain. In United States v. Sales, the defendant used a computer. In fact, one of the offenses of which he was committed, convicted, excuse me, was possessing digital images of U.S. currency. So clearly the computer was essential to that offense, and yet this Court found that the condition in that case, which prohibited computer use and Internet use without advance approval by the Court, to be vastly overbroad. This is a case where there's no evidence that Mr. Bershamian used a computer. In fact, there's not even any allegation that he used a computer. There's no evidence that he has ever used a computer for any unlawful purpose. So clearly if the condition was overbroad in Sales, it is vastly overbroad in this case. Would the condition preclude the use of cell telephones that have some of the modern... I think it's possible. I did not raise a separate vagueness challenge, which I could have. But it's interesting that this Court, in the case of U.S. v. Reardon, pooh-poohed the idea that computer-related device could include cell phones or TiVos or that sort of thing. But then in U.S. v. Sales, this Court confronted a condition which specifically said computer-related devices include, and it included cell phones, PDAs, et cetera. And it said include but are not limited to. So theoretically, it could include digital cameras. It could include the GPS navigation system that some people have in their car. What do you want our decision to say? I want this decision to say that, well, first of all, that there was clear error in this case and that the condition should be vacated. So in terms of what we need to say in this case, there's clear error. It was plain. It was in a, it was, it met all four standards of the plain error standard. So it was error. It was plain. It affected my client's substantial rights because it did affect the outcome of district court proceedings and that it would affect the fairness, integrity, and public reputation of judicial proceedings to allow this kind of condition to stand. In a case where there was... Allow the what? To allow what? To allow this condition to stand. Oh, I see. But do we send it back with instructions to reconsider or do we just knock it out and put an end to it? I believe in this case, it should be vacated. In a recent case, which was U.S. v. Abucci, this court did say what you do is you remand for the court to reconsider. But in that case, that case, the condition at issue was a domestic violence condition. And in that case, there were ten paragraphs in the pre-sentence report which alleged that the defendant abused his wife. The defendant objected to those paragraphs and the district court never made any finding as to whether they were true or not true. And so this court remanded and said, consider... Here, there's no need to... Here, there's no need to because... Well, there's no need to find out whether it's true or so. The main thing I gather you're complaining about, the restriction is too severe, it's too broad. Isn't that right? Well, I would say... So couldn't this court correct that? I suppose this court could correct it, but in this case, unlike sales where there was some evidence that there had been computer use which was illegal, in this case, there's absolutely no evidence that the defendant ever used a computer. Maybe not, but maybe you can counterfeit money with a computer and so that's why they decided we're going to limit his use of computers, because he might do the same thing he did, only this time using a different method. We couldn't say as an appellate court that there's anything wrong with that restriction, considering the crime. What we could say, I suppose, is the language is too broad. I agree in some way, yes, that the language is too broad. I haven't decided. I mean, I can't decide. I'm just one-third of the court. And even if I had, I'm asking you the question. You tell us what you think. Well, the reason why I think that in this case the condition should just be vacated is because there is no evidence whatsoever. There's no allegation. There's no evidence. There's no argument in the government's brief. There's nothing that shows that this condition is reasonably related to any of the purposes of supervised release. It might even be different if the government had come up with something saying, oh, no, there was some evidence in the record and therefore it is reasonably related, but the government doesn't even come up with that argument. I'm no expert on it, but I can tell you that people do use computers to counterfeit money. And the experts could conceivably know that and put some limitations. They don't have to limit the conduct that he has done. In other words, they can limit in excess so long as there's a reasonable basis for it, can't they? Well, first of all, this isn't a counterfeit currency case. This is an access device fraud case. And yes, absolutely, the experts can say that computers are used in access device fraud. The government, in its brief at page 25, says that the way you use requires, I think it's at page, specialized equipment, computer and software. So I suppose theoretically there could be a condition that says Mr. Barchanian is not to use the specialized equipment, computers and software that are required to commit access device fraud. And it would be the government's burden to prove what specific types of equipment, computers and software we're talking about. So if the court were inclined to reverse and remand, it would probably be more in the vein of asking the government to say what exact types of computers, equipment and software are we talking about. The reason, and I don't want to press it too far, that I think that this court can just vacate it is because there has never been a case. Counsel, will you hold that good thought for a moment? We'll save that for your presentation. Good morning, Your Honors. Anne Voights for the government. I'd like to begin by addressing the first issue raised by the defendant, which has to do with the reasonableness of the sentence imposed here. I'd like to make one point beyond what was made in our briefs, specifically that counsel's entire argument is essentially they concede that the guidelines were correctly applied. They contend, nevertheless, that the sentence was unreasonable under the 355-3A factors, because this was not sort of the typical aggravated identity theft designed to be covered by the guidelines. We'd note, however, that the guidelines in the advisory notes specifically provide for an enhancement for the type of sort of aggravated identity theft, for the type of breeding, the affirmative identity theft that defendant claims should be covered by the normal range. With respect to the supervised release condition, I'd like to note that although the defendant tries to frame it as a prohibition, it simply requires advanced permission by the probation officer. Don't you agree, though, counsel, that sales is almost on all fours on this? It's a little different factual circumstance, but why would the government oppose our sending this back to the district court to have the district court refine more pertinent to the language and the facts of this case, this particular element of the supervision? Well, we would argue that sales is distinguishable. Sales was not on plain error review as it is here. And obviously the defendant here bears the burden of showing that his substantial rights are being infringed. And you'd have to agree this is a substantial right with computers and chips being ubiquitous in our society. That's the point they're making, I think. And you're trying to avoid a replication of the kind of crime that this gentleman committed, right? Correct. And so with respect to what purposes served here, some of the purposes obviously would say deterrence, here defendant had a prior conviction involving counterfeit credit cards. He was involved in this. He expressed interest with the confidential informant in engaging in further credit card fraud. Right. But for the fact that this was, as the district court pointed out, part of effective law enforcement, part of a sting operation, the potential for damage was significant. He was in fact, I would also dispute the claim that he was not in possession of anything computer related. The skimmer he possessed we think is in fact computer related. It's intended to be, as the record demonstrates. And even taking that point though, that is fairly specialized. I guess my question is, why would the government be opposed to our sending this element, that is the supervised release element, back to the district court to have the district court refine the computer restriction to more closely correlate to the facts of this case? We think that obviously is within the court's power to do so. That we know. We contend obviously that under plain error review, whereas here, unlike in sales, there's no evidence of employment related use. In sales, the dependent is there. Well, not so far, but you want somebody to eventually be able to be rehabilitated and to function in society, and if they can't go near a grocery store anymore without being near a computer. We would agree with that, but we'd point out that here, there's absolutely no evidence of that. And the dependent does bear the burden of showing that his substantial rights will be affected, not as sort of a general matter, but specifically. And the absence of that information, we'd note that the sentencing hearing in fact took place after sales. So presumably counsel was aware of this. They were given advance notice of the condition. The district court asked if they had adequate time to review the PSR, and they said that they had. Accordingly, we think that this court should apply plain error and accordingly affirm. If there are no further questions, I'd be happy to submit. Anybody else have anything? Thank you very much. Would you like rebuttal time? Just to complete my thought, and that's it. Okay. Brevity is the soul of wit. Excuse me? Brevity is the soul of wit. What I was about to say when my opening time expired was that there has never been a case where the court has approved a computer condition based simply on the theory that in the future this defendant could possibly use a computer for an unlawful purpose. This defendant never used a computer. I agree he used a skimmer. Very good. Thank you both for your presentations. This case is submitted.
judges: Farris, Smith, Holland